David Morris Clayman, Harmless Hands, Pro se

FILED BY _____ D.C.
MAR 10 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## UNITED STATES COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

| David Clayman, Harmless Hands, | CASE |
|---|---|
| Plaintiffs, | |
| vs. | MOTION FOR TEMPORARY |
| | RESTRAINING ORDER AND |
| United States, Defendant | PRELIMINARY INJUNCTION |

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiffs, DAVID MORRIS CLAYMAN and HARMLESS HANDS, pursuant to Rule 65 of the Federal Rules of Civil Procedure, respectfully move this Court for a Temporary Restraining Order ("TRO") and Preliminary Injunction enjoining Defendant, the UNITED STATES OF AMERICA, from enforcing the National Organ Transplant Act ("NOTA"), 42 U.S.C. § 274e, and similar state and territorial laws to the extent they prohibit ethical financial incentives for living and deceased organ donation. Plaintiffs submit that immediate and irreparable harm will result absent injunctive relief. In support, Plaintiffs state:

I. INTRODUCTION

Plaintiffs bring this action under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb et seq., the Takings Clause of the Fifth Amendment, and the Free Speech Clause of the First Amendment, seeking declaratory and injunctive relief to allow for reasonable financial incentives in organ donation without interference from NOTA and similar laws.

Over 104,000 individuals in the United States are currently on the transplant waiting list, and approximately 17 individuals die daily due to organ shortages. NOTA's blanket prohibition on donor incentives unconstitutionally burdens religious exercise, violates free speech protections, and constitutes an uncompensated taking under the Fifth Amendment.

## II. LEGAL STANDARD

A TRO and preliminary injunction require Plaintiffs to establish: (1) a likelihood of success on the merits; (2) irreparable harm absent injunctive relief; (3) that the balance of hardships favors Plaintiffs; and (4) that an injunction serves the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

## III. ARGUMENT

### A. PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS

1. Violation of the Religious Freedom Restoration Act (RFRA)

NOTA's prohibition on financial incentives substantially burdens Plaintiffs' religious exercise. Plaintiff Clayman, as an observant religious American and observant religious Jew, adheres to the principle of the overriding importance of the preservation of life through public health action and pikuach nefesh (the duty to suspend other laws and considerations to save human life), which compels him to promote organ donation. RFRA requires the government to justify such a substantial burden with a compelling interest achieved through the least restrictive means. NOTA

and similar state, territorial, and local laws and regulations prohibiting meaningful living organ donor and deceased ironclad fractional donor incentives fail this test.

2. Violation of the First Amendment

Under Citizens United v. FEC, 558 U.S. 310 (2010), monetary contributions constitute protected speech. By banning financial incentives for organ donation while permitting financial contributions in political contexts, NOTA imposes an unconstitutional content-based restriction on speech.

3. Violation of the Takings Clause

NOTA's prohibition on compensation deprives donors of just compensation for their bodily autonomy and sacrifices. This constitutes an unconstitutional taking under the Fifth Amendment.

B. PLAINTIFFS WILL SUFFER IRREPARABLE HARM ABSENT INJUNCTIVE RELIEF

Each day that NOTA remains enforced, approximately 17 individuals die due to organ shortages. **Living undirected organ donors only currently number roughly 300 per year, making those of us who complete the process literally one in a million in our United States population**. It need not be that way if adequate donor incentives are offered to recognize the sacrifice of living kidney and liver donors, both undirected and directed. Plaintiff Clayman and others are unconstitutionally restricted from receiving reasonable financial consideration for their religiously compelled donation, creating an immediate and ongoing burden on their religious exercise and bodily autonomy.

## C. THE BALANCE OF EQUITIES FAVORS PLAINTIFFS

The harm to Plaintiffs and thousands of transplant patients nationwide outweighs any governmental interest in maintaining an outright prohibition on incentives. A TRO would merely allow experimental, well-regulated financial recognition for donors without jeopardizing the ethical integrity of the transplant system.

Our United States Government bears the full burden of proof that no possible incentives system could ever ever be ethical, as the Plaintiff only argues that *some* system of incentives would meet rigorous testing of ethics and market design, and that his own exemplary proposed sale of his kidney and/or liver meets any reasonable ethical test reasonably demanded by this Court or Congress. Our United States Government will fail in the proof that no incentives system is ethical both because it is apparent at face value with this fact pattern that it is overwhelmingly likely to be untrue and because United States haven't even tried creating, refining, and evolving a living and deceased organ donor incentives model like or better protected than the religious incentives to donate in Iran, where there is no dying recipient waiting list any longer. Given the example of Iran, the Plaintiff argues that incentives are religiously necessary under American civic and secular religious thought not to mention under Jewish religious thought.

## D. THE PUBLIC INTEREST SUPPORTS INJUNCTIVE RELIEF

Granting the injunction will save lives by facilitating greater organ donor participation. The only country that has eliminated its transplant waitlist, Iran, allows financial incentives for living donors. Ethical, regulated incentives serve the compelling public interest of reducing preventable deaths.

## IV. REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Issue a TEMPORARY RESTRAINING ORDER enjoining Defendant from enforcing 42 U.S.C. § 274e and similar laws prohibiting reasonable financial incentives for organ donors;

2. Issue a PRELIMINARY INJUNCTION maintaining such relief pending resolution of this litigation;

3. Expedite proceedings to minimize further preventable deaths and provide Court supervision for an emerging ethical incentives market for full living and 1-2% cadaverous deceased donors until Congress takes up the question of incentives and acts; and

4. Grant any further relief this Court deems just and appropriate.

DATED: Moon's Day, 10 March 02025 (10-03月02025)

Respectfully submitted, harmlessly,

_____

s/Plaintiff David Clayman, *Pro se*
For the Proposed Center Forward Party of Harmless Hands
7930 Palacio Del Mar Dr
Boca Raton, FL 33433-4148
david@harmlesshands.org