David Morris Clayman, Harmless Hands, Pro se

FILED BY NA D.C.

MAR 12 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

# UNITED STATES COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| David Clayman, Harmless Hands, Plaintiffs, vs. United States, Defendant | CASE 25-CV-60447-DSL APPENDIX: RELEVANT NOTA CLAUSES |

# RELEVANT NATIONAL ORGAN TRANSPLANT ACT CLAUSES:

# NOTA TITLE III

Plaintiffs, DAVID MORRIS CLAYMAN and HARMLESS HANDS, are hereby filing another appendix to the case for convenient reference, namely the blanket prohibition on religious economic transactions to ethically secure living donor and deceased ironclad donor organ supply per Title III of the National Organ Transplant Act (NOTA) ("Prohibition of Organ Purchases") from 01984. It is the Plaintiff's opinion that this section of law has had the unintended effect of killing countless Americans by collapsing the donor market.

If the Court or the Government is concerned about the poor or indebted being exploited for the purchase of kidney or liver segments, fearing that the poor or indebted will imperil or "hyperbolically discount" the true value of their health, the Government could simply either set a

very very low baseline payment for those under some percentage of the Federal Poverty Line who undergo surgery to discourage debt escape through major organ donation or could alternatively, if it insists or requires it to be so, completely bar those under X% of the Federal Poverty Line from religiously participating in a compensated manner in the donation of kidney or liver portions during their lifetime, without collapsing the ethical religious economic market for everyone else who is of more middle-class or greater income or assets.

98 STAT. 2346         PUBLIC LAW 98-507—OCT. 19, 1984

portion of the cost of the undertaking supplied by other sources, and such other records as will facilitate an effective audit.

Audit.

"(B) The Secretary and the Comptroller General of the United States, or any of their duly authorized representatives, shall have access for the purpose of audit and examination to any books, documents, papers, and records of the recipient of a grant under section 371 or 373 that are pertinent to such grant.

"(d) For purposes of this part:

"(1) The term 'transplant center' means a health care facility in which transplants of organs are performed.

"(2) The term 'organ' means the human kidney, liver, heart, lung, pancreas, and any other human organ (other than corneas and eyes) specified by the Secretary by regulation and for purposes of section 373, such term includes bone marrow.

"ADMINISTRATION"

42 USC 274c.

"SEC. 375. The Secretary shall, during fiscal years 1985, 1986, 1987, and 1988, designate and maintain an identifiable administrative unit in the Public Health Service to—

"(1) administer this part and coordinate with the organ procurement activities under title XVIII of the Social Security Act,

42 USC 1395.
Public information.

"(2) conduct a program of public information to inform the public of the need for organ donations,

"(3) provide technical assistance to organ procurement organizations receiving funds under section 371, the Organ Procurement and Transplantation Network established under section 372, and other entities in the health care system involved in organ donations, procurement, and transplants, and

Report.

"(4) one year after the date on which the Task Force on Organ Transplantation transmits its final report under section 104(c) of the National Organ Transplant Act, and annually thereafter through fiscal year 1988, submit to Congress an annual report on the status of organ donation and coordination services and include in the report an analysis of the efficiency and effectiveness of the procurement and allocation of organs and a description of problems encountered in the procurement and allocation of organs.

"REPORT"

42 USC 274d.

"SEC. 376. The Secretary shall annually publish a report on the scientific and clinical status of organ transplantation. The Secretary shall consult with the Director of the National Institutes of Health and the Commissioner of the Food and Drug Administration in the preparation of the report.".

## TITLE III—PROHIBITION OF ORGAN PURCHASES

Penalties.
42 USC 274e.

SEC. 301. (a) It shall be unlawful for any person to knowingly acquire, receive, or otherwise transfer any human organ for valuable consideration for use in human transplantation if the transfer affects interstate commerce.

(b) Any person who violates subsection (a) shall be fined not more than $50,000 or imprisoned not more than five years, or both.

(c) For purposes of subsection (a):

(1) The term "human organ" means the human kidney, liver, heart, lung, pancreas, bone marrow, cornea, eye, bone, and skin,

PUBLIC LAW 98-507—OCT. 19, 1984          98 STAT. 2347

and any other human organ specified by the Secretary of Health and Human Services by regulation.

(2) The term "valuable consideration" does not include the reasonable payments associated with the removal, transportation, implantation, processing, preservation, quality control, and storage of a human organ or the expenses of travel, housing, and lost wages incurred by the donor of a human organ in connection with the donation of the organ.

(3) The term "interstate commerce" has the meaning prescribed for it by section 201(b) of the Federal Food, Drug and Cosmetic Act.

21 USC 321.

## TITLE IV—MISCELLANEOUS

### BONE MARROW REGISTRY DEMONSTRATION AND STUDY

SEC. 401. (a) Not later than nine months after the date of enactment of this Act, the Secretary of Health and Human Services shall hold a conference on the feasibility of establishing and the effectiveness of a national registry of voluntary bone marrow donors.

42 USC 273 note.

(b) If the conference held under subsection (a) finds that it is feasible to establish a national registry of voluntary donors of bone marrow and that such a registry is likely to be effective in matching donors with recipients, the Secretary of Health and Human Services, acting through the Assistant Secretary for Health, shall, for purposes of the study under subsection (c), establish a registry of voluntary donors of bone marrow. The Secretary shall assure that—

(1) donors of bone marrow listed in the registry have given an informed consent to the donation of the bone marrow; and

(2) the names of the donors in the registry are kept confidential and access to the names and any other information in the registry is restricted to personnel who need the information to maintain and implement the registry, except that access to such other information shall be provided for purposes of the study under subsection (c).

If the conference held under subsection (a) makes the finding described in this subsection, the Secretary shall establish the registry not later than six months after the completion of the conference.

(c) The Secretary of Health and Human Services, acting through the Assistant Secretary for Health, shall study the establishment and implementation of the registry under subsection (b) to identify the issues presented by the establishment of such a registry, to evaluate participation of bone marrow donors, to assess the imple-

