UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60447-RLR

DAVID CLAYMAN,
HARMLESS HANDS,

   Plaintiffs,

v.

UNITED STATES,

   Defendant.
_____/

## ORDER OF INSTRUCTIONS TO *PRO SE* PARTIES

A party in this case is proceeding *pro se*. It is therefore important that the party is advised of essential requirements concerning this case, and the Court **ORDERS** as follows:

1. It is the responsibility of a *pro se* party to keep the Court advised of his or her current address at all times. If a party's address changes and no change of address is promptly filed with the Clerk of Court, the case may be dismissed for lack of prosecution or a defendant may lose the case through default. A change of address must be labeled "Notice of Change of Address" and must not include any motions or other information except for the new address and the effective date of the change.

2. It is the responsibility of a *pro se* Plaintiff to provide the full name, title (if any), and address of the Defendant(s). If service cannot be accomplished upon a Defendant due to lack of information provided by Plaintiff, the case may be dismissed as to that Defendant. If there is only one Defendant and service cannot be achieved, the entire case may be dismissed.

3. *Pro se* Plaintiffs are instructed that the Court has no legal authority to appoint counsel for the Plaintiff in a civil case. In *extraordinary* cases, the Court can *request* a lawyer to represent Plaintiff, but such cases are rare, and no appointment can be made in any civil case.

4. A Plaintiff shall serve upon the Defendant(s) and a Defendant upon Plaintiff(s), or, if appearance by counsel has been entered, upon their respective counsel, copies of all pleadings or other documents submitted for consideration by the Court. This means that before counsel has appeared for the Defendant(s), Plaintiff shall send to the Defendant(s) personally a copy of every pleading, motion, or other paper submitted to the Court. After counsel has appeared for the Defendant(s), the copy shall be sent directly to counsel for the Defendant(s), rather than to the Defendant(s) personally. Plaintiff shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to Defendant(s) or counsel for Defendant(s). If any pleading, motion, or other paper submitted to the Court does not include a certificate of service upon the Defendant(s) or counsel for the defendant(s), it will be stricken by the Court.

6. All pleadings must include the case number at the top of the first page. The parties shall send the original of every pleading or document to the Clerk of this Court. Each submission shall include (1) a copy of the pleading or document, and (2) a certificate of service stating the date a true copy of the pleading or document was sent to the opposing party(ies) and/or counsel for such party(ies).

7. **No original pleading, document, or e-mail shall be sent directly to a Judge**. All filings must be sent to the Clerk of the Court. Any paper or e-mail submitted directly to a Judge will be disregarded by the Court.

8. ***Pro se* parties are instructed not to send letters to the Court or to the Clerk***.*** All documents must be filed in accordance with the Federal Rules of Civil Procedure and copies must be furnished to opposing counsel.  No letter to the Court will be answered.  *Pro se* parties must understand that letters are not motions or pleadings and are therefore not docketed in the case.

9. A *pro se* party and his or her family, friends, or acquaintances must not call any Judge's office. No information about the case can be obtained from the Judge's office.  Brief case status information contained on the docket sheet may be available from the Clerk of Court, but no Court employee can provide legal advice to any litigant, *pro se* or otherwise.  One exception exists to this rule.  A *pro se* party or counsel may call a Judge's office with questions about scheduling, court dates, or courtroom protocols.

10.   *Pro se* parties have no counsel to assist in the discovery process. Attention is therefore drawn to Federal Rule of Civil Procedure 26(a), which lists the various forms of discovery available in civil cases.  *Pro se* parties are instructed that the Court will not grant any motion to take depositions, but will otherwise permit reasonable, relevant discovery by the methods described in the Federal Rules of Civil Procedure.

11. It is a Plaintiff's responsibility to actively pursue this case, obtain any essential discovery, file all necessary pleadings and motions and otherwise comply with all scheduling orders and prepare the case for trial.  Failure to do this will probably result in dismissal of the case for lack of prosecution.

12.   At the conclusion of the case the Court may tax costs against the losing party or parties.

13. *Pro se* parties are required to review and comply with Local Rule 7.1. If a party fails to file a timely response to an opposing motion, the Court may grant the motion by default, without further notice, due to the party's failure to comply with the Local Rules. Similarly, *pro se* parties must comply with the conferral requirements of Local Rule 7.1. If a *pro se* party repeatedly fails to confer with opposing counsel in good faith, which the Local Rule requires, this Court may sanction the party, as appropriate, including, but not limited to, the dismissal of the party's case.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of May, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to all counsel of record.