UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:25-CV-60447-ROSENBERG

DAVID CLAYMAN and
HARMLESS HANDS,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant, the United States of America, by and through the undersigned Assistant United States Attorney, hereby moves to dismiss the Complaint [DE 1] ("Complaint") of Plaintiffs, David Clayman ("Clayman") and Harmless Hands, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and states as follows:

**I.    INTRODUCTION AND BACKGROUND**

Plaintiffs, who are proceeding pro se,[1] filed the Complaint on March 10, 2025, against the United States to challenge provisions of the National Organ Transplant Act ("NOTA"), 42 U.S.C. § 274e, that prohibit the sale of human organs for transplant. [DE 1]. The relevant portion of the statute provides: "It shall be unlawful for any person to knowingly acquire, receive, or otherwise transfer any human organ for valuable consideration for use in human transplantation if the transfer affects interstate commerce." 42 U.S.C. § 274e(a). In a confusing and rambling fashion, Plaintiffs appear to contend that NOTA's prohibition on the purchase and sale of human organs

---

[1] It is well-established that an entity cannot appear *pro se* in a case and must be represented by counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), and discussion *supra* Part III(A).

substantially burdens their religious activities, restricts freedom of speech, and constitutes an unlawful taking of property. *Id.* at 2. The Complaint is not divided into separate counts, making it difficult to ascertain what specific causes of action Plaintiffs are asserting; however, they appear to bring claims under the Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb *et seq.*; the Fifth Amendment's Takings Clause; and the First Amendment's Free Speech Clause. *Id.*

This Court should dismiss the Complaint on a number of grounds including (1) the Court lacks subject matter jurisdiction because Plaintiffs do not have standing to prosecute this action; (2) the Complaint is a shotgun pleading; and (3) the Complaint fails to state a claim under RFRA, the Fifth Amendment, and the First Amendment.

## II.     LEGAL STANDARD

### A.  Rule 12(b)(1)

A district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3). Dismissal under Rule 12(b)(1) may be based on either a facial or a factual challenge to the complaint. *Stalley ex rel. United States v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A facial attack on a complaint requires only that the court review the complaint to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, whereas a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of pleadings, and matters outside the pleadings." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "[W]here a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence" relevant to its

jurisdictional determination. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). The district court is free to weigh the facts and is not constrained to view them in a light favorable to the plaintiff. *Id.* Here, the Court need only consider the allegations of the Complaint to conclude that it lacks jurisdiction over Plaintiff's claims.

### B. Rule 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept the complaint's factual allegations as true and draw reasonable inferences in the plaintiff's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must allege sufficient facts to state a plausible claim for relief. *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Lowe v. Delta Air Lines Inc.*, 730 F. App'x 724, 728 (11th Cir. 2018).

### III. ARGUMENT

### A. Any claims on behalf of Plaintiff Harmless Hands must be dismissed because an entity cannot appear *pro se*.

It is well-established that an artificial entity cannot appear *pro se* and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). "The Eleventh Circuit has interpreted 28 U.S.C. § 1654, the general provision permitting parties to proceed *pro se*, as providing a 'personal right that does not extend to the representation of the interest of others.'" *Magnificent Celestial Serv. Ministries 604734363 v. Hertz*, 2024 WL 3949399, at *1 (S.D. Fla. Aug. 27, 2024) (quoting *Bass v. Benton*, Fed. App'x 298, 298 (11th Cir. 2011)) (dismissing case). This rule applies

3

equally to all artificial entities. *Iotova on Behalf of N.Y. Sport Found. v. Broward Cnty. Prop. Appraiser*, No. 13-cv-60495, 2013 WL 12383394, at *1 (S.D. Fla. Mar. 13, 2013); *Regions Bank v. Greater Deliverance Church, Inc.*, 2023 WL 2731713, at *2 (N.D. Fla. Feb. 2, 2023) (*pro se* plaintiff may not represent church). Here, the Complaint alleges that Harmless Hands is a political party, not a natural person. As a result, for Harmless Hands to proceed, it must obtain counsel.

    **B. The Court lacks subject matter jurisdiction because Plaintiffs do not have standing to bring this action.**

Article III of the Constitution limits federal courts' jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, Plaintiffs must demonstrate that they have (1) suffered an injury in fact, (2) that is fairly traceable to the conduct of the defendant, and (3) is likely to be redressed by a favorable decision. *Id.* at 560-61. "An 'injury in fact' is 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010) (quoting *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009)). "A motion to dismiss for lack of Article III standing challenges the subject-matter jurisdiction of a federal court, and, accordingly, is properly brought under [Rule] 12(b)(1)." *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020).

In a similar case, *Bellocchio v. Garland*, 614 F. Supp. 3d 11, 17 (S.D.N.Y. 2022), the plaintiff challenged NOTA's prohibition on the sale of organs for transplant, arguing that if he chose to sell a kidney, he would be prosecuted under § 274e. The court concluded that the plaintiff did not plead any facts suggesting a concrete intention to buy

or sell human organs, and did not allege a credible threat of prosecution if he were to do so. *Id.* at 18. The *Bellocchio* court explained:

> Indeed, Plaintiff spends more time in the Complaint announcing his "commit[ment] to changing the law that prohibits the sale of one's own personal property: a vital organ" than on establishing his own Article III injury. Plaintiff does not claim, for example, to have a potential buyer to whom he might sell his organs, nor does he claim to have taken steps to prepare for such an exchange. Rather, Plaintiff merely suggests that he might have wanted to sell his organs had it been legal to do so.

*Id.* (internal citation omitted). "[S]ome day intentions do not support a finding of the actual or imminent injury that our cases require." *Carney v. Adams*, 592 U.S. 53, 64 (2020) (quoting *Lujan*, 504 U.S. at 564). The *Bellocchio* court also noted that the plaintiff failed to allege facts that he had faced any credible threat of prosecution for violating NOTA or any facts relating to the enforcement of NOTA. *Bellocchio*, 614 F. Supp. 3d at 18. Thus, the court found that the plaintiff's claims were "no more than imaginary and speculative," held that the plaintiff did not have standing, and dismissed the case for lack of subject matter jurisdiction. *Id.*

In addition, the Supreme Court has explained that to satisfy injury-in-fact requirement, a plaintiff must make plausible factual allegations that he "inten[ds] to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014); *see also Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1119-20 (11th Cir. 2022).

Like the plaintiff in *Bellocchio*, Plaintiffs spend time announcing their viewpoints and advancing the merits of repealing NOTA rather than alleging that they have suffered an Article III injury. The Complaint does not allege that Clayman has any plans to sell a

5

kidney, for example, or to engage in the purchase or sale of organs. Instead, the Complaint simply alleges that Clayman and others should be permitted to do so. Plaintiffs do not allege an imminent threat of prosecution, nor any other concrete factual allegations that could rise to the level of an actual injury for standing purposes. In addition, Plaintiffs fail to allege any support for their contention that the sale of human organs for transplant is a "course of conduct arguably affected with a constitutional interest," nor has Defendant located any authority recognizing such a constitutional interest. Accordingly, the Complaint should be dismissed in its entirety under Rule 12(b)(1).

### C. The Complaint is a shotgun pleading.

A shotgun pleading "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). In *Weiland*, the Eleventh Circuit identified four categories of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts all preceding allegations; (2) a complaint replete with conclusory, vague, and immaterial facts not obviously connected to a particular cause of action; (3) a complaint that fails to separate each cause of action into different counts; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which acts or omissions, or which of the defendants the claim is brought against. *Id.*; *see Halbig v. Lake Cnty., Fla.*, No. 23-11875, 2024 WL 470420 (11th Cir. Feb. 7, 2024) (affirming dismissal of complaint as shotgun pleading). Shotgun pleadings are those which are confusing, incoherent, or repetitive. *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets," *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 & n.4 (11th Cir. 2010), and emphasized that shotgun pleadings violate Federal Rules of Civil Procedure 8 and 10. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295-96 (11th Cir. 2002); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). "Shotgun pleadings . . . exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Here, the Complaint plainly combines various aspects of shotgun pleadings. It is unclear what claims Plaintiff is even asserting, as the Complaint is divided into various sections, some of which appear to assert some type of constitutional violation and others that provide Plaintiffs' opinions and viewpoints on issues concerning organ donation but do not appear to advance any cause of action. The Complaint contains vague, conclusory, and sometimes nonsensical allegations and statements that do not bring a legitimate cause of action. *See Weiland*, 792 F.3d at 1321. *See also Higgins v. WXTL TV*, No. 18-cv-21132, 2018 WL 10732988, at *1-2 (S.D. Fla. Mar. 29, 2018) (complaint that "set forth rambling and conclusory allegations of wrongdoing that are not tied to any specific defendant, cause of action, or claim for relief" dismissed as a shotgun pleading); *Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997) (affirming dismissal of rambling

7

complaint "that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that these appellants are claiming"); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (affirming dismissal of 58-page complaint with 14 defendants and little distinction among defendants as "quintessential 'shotgun' pleading of the kind we have condemned repeatedly"); *Lampkin-Asam*, 261 F. App'x at 277 (affirming dismissal of complaint as shotgun pleading when plaintiff repeatedly alleged the same facts and the pleading was confusing and incoherent). In sum, the Complaint consists of 43 pages of repetitive, rambling, and legally unsupportable assertions to which Defendant cannot adequately formulate a response, and should be dismissed.

### D. The Complaint fails to allege a violation of the Fifth Amendment's Takings Clause.

The Complaint asserts that by prohibiting financial incentives for organ transfers, the Government "effectively executes a 'public use taking' directly or through denying proxies and partners, healthcare organizations and organ procurement organizations (OPOs), the capacity to contract with just compensation while remaining on the right side of the law. . . ." [DE 1] at 5. Then, Plaintiffs appear argue that NOTA prevents people from being paid for selling their organs even though they are "compelled by religious duty to donate organs," thus conflating their alleged property rights with religious beliefs. *Id.* at 5-6.

Plaintiffs' argument must fail. They have not alleged, nor can they, that they have a property interest in the sale of organs. The Takings Clause provides that private property shall not be taken for public use without just compensation. U.S. Const. amend. V. "To make a cognizable claim of a taking in violation of the Fifth Amendment, the plaintiff[ ] must first show that [he] possess[es] a recognized property interest which may

be protected by the Fifth Amendment." *Richards v. Holder*, No. 13-cv-13195, 2014 WL 2805280, at *5 (D. Mass. June 19, 2014) (quoting *Asociacion de Subscripcion Conjunta del Seguro de Responsibilidad Obligatorio v. Flores Galarza*, 484 F.3d 1, 27 (1st Cir. 2007)). "[T]he existence of a property interest is determined by reference to 'existing rules or understandings that stem from an independent source such as state law.'" *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998). If a plaintiff can allege a constitutionally protected property interest, the plaintiff must then demonstrate that the challenged action caused an illegal taking of that interest. *Richards*, 2014 WL 2805280, at *5.

There are two categories of unlawful takings under the Fifth Amendment: (1) where the government requires an owner to suffer a permanent physical invasion of his property, and (2) where regulations completely deprive an owner of all economically beneficial use of his property. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538 (2005). The Complaint appears to be grounded in the second category. To plead a regulatory taking, plaintiff must allege facts to show that "there was a denial of economically valuable use of the property as a result of the regulatory imposition . . . and it was an interest vested in the owner as a matter of state property law." *Loveladies Harbor, Inc. v. United States*, 28 F.3d 1171, 1177-78 (Fed. Cir. 1994).

In *Richards*, the plaintiff challenged NOTA's constitutionality under the Fifth Amendment's Takings Clause, which the Court rejected. The *Richards* plaintiff suffered from end stage renal disease and needed a kidney transplant. *Id.* at *1. He alleged that his life expectancy would be meaningfully longer if he received a kidney, and he was willing to pay at least $50,000 to procure one. *Id.* The plaintiff also alleged that he wanted his

9

organs harvested and sold after his death so that his family would receive those proceeds. *Id.* at *2. He argued that because NOTA prevented him from selling his organs without compensating him, the statute amounted to an unconstitutional taking in violation of the Fifth Amendment. *Id.* at *2, *5. The court determined, however, that the plaintiff made no showing that any independent source supported a constitutionally protected property interest in selling one's organs. *Id.* at *5. Therefore, the court found that the plaintiff did not possess such a property interest in the sale of his organs and could not state a claim for an unconstitutional taking. *Id.*

Likewise, the Complaint in this case identifies no independent source that supports a constitutionally protected property right in selling one's organs. In addition, Florida law prohibits the purchase or sale of human organs, and there is no recognized right to possess human organs for commercial purposes. *See* Fla. Stat. § 406.61; *Crocker v. Pleasant*, 778 So. 2d 978, 987 n.10 (Fla. 2001). Thus, Plaintiffs cannot state a claim for a Takings Clause violation, and the claim should be dismissed.

### E. The Complaint fails to state a claim under the First Amendment's Free Speech Clause.

Plaintiffs argue that NOTA's prohibition on the sale of human organs somehow restricts their freedom of speech. [DE 1] at 3. The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. Plaintiffs contend that if, under *Citizens United v. Fed. Election Com'n*, 558 U.S. 310 (2010), "cash constitutes protected speech, then the federal prohibition on offering financial incentives for organ donation must be considered an unconstitutional restriction on free speech, as it impedes efforts by qualified and ethical regulated healthcare, organ procurement, and organ transplant advocacy organizations to advocate for and encourage

lifesaving acts within ethical guidelines." [DE 1] at 3. But, *Citizens United* addressed corporate use of money for political speech, not the ability of a person to sell their organs—these are simply two wholly different subjects with no commonality. Plaintiffs allege no constitutional right to sell their organs, nor do they provide any support that the ability to sell their organs equates to any kind of speech. Plaintiffs' claim, therefore, has no arguable basis in fact or law, and, therefore, this claim must be dismissed. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (complaint that "lacks an arguable basis either in law or fact" is properly dismissed); *Henry v. Rundle*, 18-cv-25256, 2018 WL 10626014, at *1 (S.D. Fla. Dec. 18, 2018) ("While Plaintiff's Complaint is saturated with legal terms and concepts, it is clear Plaintiff has failed to plead anything close to approaching an actionable claim. The legal terms and concepts used, and the documents attached, are nonsensical and certainly do not support any sort of viable cause of action.").

### F. The Complaint fails to state a RFRA claim.

To state a RFRA claim, a plaintiff must allege facts that show the government imposed a substantial burden on his sincere exercise of religion. 42 U.S.C. § 2000bb-1(a); *Marshall v. Bureau of Prisons*, No. 12-cv-20991, 2013 WL 12077449, at *8 (S.D. Fla. Aug. 16, 2013), *adopted*, 2013 WL 12077450 (S.D. Fla. Sept. 17, 2013). Religious exercise includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7). This definition applies to "the performance of (or abstention from) physical acts that are engaged in for religious reasons." *Navy Seal 1 v. Biden*, 574 F. Supp. 3d 1124, 1138 (M.D. Fla. 2021) (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 693 (2014)). The Government may

substantially burden the exercise of religion if it "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(b). "A facial challenge under RFRA must demonstrate that government action is 'impermissible in all, or at least the vast majority[,] of its intended applications.'" *Navy Seal*, 574 F. Supp. 3d at 1140 (quoting *United States v. Friday*, 525 F.3d 938, 951 (10th Cir. 2008)).

Plaintiffs fail to identify a sincere religious practice or, even if they did, fail to allege that the practice is being substantially burdened. The Complaint alleges no facts that selling one's organs is a legitimate religious practice; rather, it simply argues that financial incentives would persuade more people to part with their organs, which would then further general religious goals of altruism. [DE 1] at 6-7. Further, while Plaintiffs contend that organ donation is part of their religion, NOTA does not proscribe the *donation* of organs; rather, it prohibits the *sale* of organs. 42 U.S.C. § 274e. Individuals are free to donate their organs, they just cannot be paid for them. Thus, it cannot be claimed that NOTA burdens the exercise of religion. Like Plaintiffs' other claims, the RFRA claim lacks an arguable basis in fact or law, and is subject to dismissal.

### G. Dismissal with prejudice is warranted.

While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed, liberal construction does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Kazmierczak v. FBI*, No. 21-cv-14092, 2021 WL 1873432 (S.D. Fla. Apr. 20, 2021) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)); *Stone v. Yokohama Bilingual Educ.*, No. 17-cv-24534,

2018 WL 6655601 (S.D. Fla. Oct. 30, 2018) (dismissing frivolous pro se complaint with prejudice). The Complaint asserts no legally cognizable claims. Accordingly, it should be dismissed with prejudice.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court DISMISS the Complaint WITH PREJUDICE.

Respectfully submitted,

**HAYDEN O'BYRNE**
**UNITED STATES ATTORNEY**

Date: May 12, 2025            By:    */s/ Darcie A. Thompson*
                                      Darcie A. Thompson
                                      Florida Bar No. 0124888
                                      Assistant United States Attorney
                                      Email: darcie.thompson@usdoj.gov
                                      United States Attorney's Office
                                      500 S. Australian Ave., Suite 400
                                      West Palm Beach, Florida 33401
                                      Tel: (561) 209-1010
                                      Fax: (561) 820-8777

                                      *Attorney for the United States*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of May, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and also mailed a copy of this document to the pro se Plaintiff at his address of record.

                                      */s/ Darcie A. Thompson*
                                      Assistant U.S. Attorney