UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60447-RLR

DAVID CLAYMAN and
HARMLESS HANDS,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Motion to Dismiss filed by Defendant United States of America pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). DE 19. The Court has reviewed the Motion, the Response, DE 28, and the record and is otherwise fully advised in the premises. For the reasons below, Defendant's Motion is **GRANTED**.

### I.    BACKGROUND

Plaintiffs David Clayman and his "nascent political party," Harmless Hands, proceed *pro se*. DE 1 at 1. Plaintiffs seek "declaratory and injunctive relief to ensure that individuals and organizations can offer and receive reasonable incentives for organ donation without interference" from certain laws. DE 1 at 2. These laws include the National Organ Transplant Act ("NOTA"), 42 U.S.C. § 274e, and its state equivalents. *Id.* NOTA provides: "It shall be unlawful for any person to knowingly acquire, receive, or otherwise transfer any human organ for valuable consideration for use in human transplantation if the transfer affects interstate commerce." 42 U.S.C. § 274e(a).

Plaintiffs bring their action under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb *et seq.*; the Takings Clause of the Fifth Amendment; and the Free Speech Clause of the First Amendment. DE 1 at 2.  Plaintiffs initially filed a motion for temporary restraining order and preliminary injunction, which this Court denied in order to allow Defendant to be heard. DE 18.  Defendant has now moved to dismiss based on lack of subject-matter jurisdiction and for failure to state a claim. DE 19.

## II.   STANDARD OF REVIEW

The plaintiff bears the burden to establish federal subject-matter jurisdiction. *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).  In moving to dismiss a complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction, a defendant may attack the complaint facially or factually. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  Facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in the Complaint are taken as true for the purposes of the motion." *Id.* (citations omitted).  By contrast, factual attacks challenge "the existence of subject-matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citation omitted).  "No presumption of truth attaches to the plaintiff's allegations, and the existence of a disputed material fact does not prevent the trial court from evaluating for itself the merits of the jurisdictional claim." *Duque Mendez v. Cuccinelli*, 467 F. Supp. 3d 1249, 1254 (S.D. Fla. 2020) (citing *Lawrence*, 919 F.2d at 1529).

The Court employs "less stringent standards" in assessing *pro se* pleadings. *See Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 276–77 (11th Cir. 2008) (quoting *Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976)).  However, the Court may not act as counsel for a

party or rewrite deficient pleadings, and *pro se* litigants must still adhere to well-established pleading standards. *See id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) and *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### III.   ANALYSIS

Defendant has moved to dismiss Plaintiffs' Complaint for several reasons, including that an entity cannot appear *pro se*; that this Court lacks subject-matter jurisdiction because Plaintiffs do not have standing to prosecute this action; and that the Complaint fails to state any claim under RFRA, the Fifth Amendment, and the First Amendment. DE 19.

The Court first notes that because Plaintiff Harmless Hands is an artificial entity, it cannot appear *pro se* and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  The Eleventh Circuit interprets 28 U.S.C. § 1654, which permits parties to proceed *pro se*, as providing a "personal right that does not extend to the representation of the interest of others." *Bass v. Benton*, F. App'x 298, 298 (11th Cir. 2011).  Because the Complaint alleges that Harmless Hands is a political party and not a natural person, Harmless Hands cannot proceed *pro se*. DE 1 at 1.

The Court turns next to Defendant's argument that this Court lacks subject-matter jurisdiction over the action because Plaintiffs do not have standing to bring this action. DE 19 at 4.  "A motion to dismiss for lack of Article III standing challenges the subject-matter jurisdiction of a federal court, and, accordingly, is properly brought under [Rule] 12(b)(1)." *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020).

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. U.S. Const. art. III, § 2.  Standing "is an essential and unchanging part of the case-

3

or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, Plaintiffs must demonstrate that they have (1) suffered an injury in fact that is (2) fairly traceable to the conduct of the defendant and (3) is likely to be redressed by a favorable decision. *Id.* at 560–61. "An 'injury in fact' is 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010) (quoting *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009)).

To support its argument that Plaintiffs lack standing, Defendant cites to *Bellocchio v. Garland*, 614 F. Supp. 3d 11, 17 (S.D.N.Y. 2022). There, the plaintiff argued that if he had standing because if he chose to sell a kidney, he would be prosecuted under § 274e. *Id.* The court dismissed the plaintiff's complaint because it did not include any facts to suggest a concrete intention to buy or sell human organs, nor did it allege a credible threat of prosecution if he were to do so. *Id.* at 18.

Here, Plaintiffs have not adequately established standing. Plaintiffs' Complaint details their viewpoints and policy arguments for repealing NOTA, rather than alleging how they have suffered an Article III injury. *See generally* DE 1. At most, Plaintiffs' Complaint states that "[t]he Plaintiff is hoping to donate a major portion of his liver and/or his second kidney," DE 1 at 11, and that the Plaintiff "expects to pass" any "medical or consent prescreening" to proceed with these donations, *id.* at 17 (emphasis added). These hopes and intentions "do not support a finding of the actual or imminent injury that our cases require." *Carney v. Adams*, 592 U.S. 53, 64 (2020) (quoting *Lujan*, 504 U.S. at 564). Furthermore, Plaintiffs' Complaint does not establish that a credible threat of enforcement exists, which courts can determine by assessing whether a law has

4

been enforced against a plaintiff in the past, "whether authorities have directly or expressly threatened the plaintiff with enforcement," and the history of prosecution under the statute. *Bellochio*, F. Supp. 3d at 18 (collecting cases). Plaintiffs' Complaint alleges none of these.

Plaintiffs' Response attempts to distinguish *Bellochio* by stating that unlike the *Bellochio* plaintiff, Plaintiff Clayman here has undergone screening and testing, communicated with transplant centers in multiple states, stated his intention to sell two eligible organs, and has received no assurance from federal authorities that prosecution would not occur. DE 28 at 8–9. Plaintiff also asserts that he has standing as the founder, CEO, and currently sole employee of a corporation seeking to implement an employee-wellness program that would provide a monetary bonus to employees who complete a living organ donation. *Id.* at 9.

These allegations are not in Plaintiffs' Complaint. For this reason, the Court does not consider them. And for all the reasons set forth above, the Complaint as pled does not establish standing—that is, Plaintiff's "*concrete* plans to perform, in the near future, the conduct that officials would consider illegal." *Bellochio*, F. Supp. 3d at 18 (citing *Jones v. Schneiderman*, 101 F. Supp. 3d 283, 293 (S.D.N.Y. 2015)) (emphasis added).

Furthermore, Plaintiffs also noted in their Response that Plaintiff Clayman recently received confidential medical news that "temporarily impairs his ability to donate organs" over the next six months. DE 28 at 7. Plaintiff had requested a stay of proceedings in order to "establish or perfect his personal standing as an organ donor." *Id.* The Court construes Plaintiffs' Response as an admission that Plaintiff will not be able to establish standing, at least for the next six months.

Therefore, in light of Plaintiff's concession and in lieu of Plaintiff's requested stay, the Court exercises its inherent case management authority to **DISMISS WITHOUT PREJUDICE**

5

this action while granting Plaintiff **LEAVE TO AMEND** at such time as he can establish standing. Fed. R. Civ. P. 15(a)(2); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (discussing that leave to amend should generally be "freely given" absent a showing of "futility of amendment"). Because Plaintiffs' Complaint must be dismissed for lack of subject-matter jurisdiction, the Court does not reach Defendants' remaining arguments under Rule 12(b)(6) that Plaintiffs have failed to state a claim.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED**:

1. Defendant United States of America's Motion to Dismiss [DE 19] is **GRANTED**.

2. Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of standing and subject-matter jurisdiction. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."). This dismissal is **WITH LEAVE TO AMEND**.

3. All pending motions are **DENIED AS MOOT**.

4. The Clerk of Court shall **CLOSE** this case.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of July, 2025.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record